| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

ERASMO MARQUEZ, JR., #25400-078 §
§
*versus* § CIVIL ACTION NO. 4:18-CV-412
§ CRIMINAL ACTION NO. 4:08-CR-107(5)
UNITED STATES OF AMERICA §

## MEMORANDUM OPINION AND ORDER

In a Motion for Relief From Judgment pursuant to Fed. R. Civ. P. 60(b)(6) (#26), *pro se* Movant Erasmo Marquez, Jr. asks the Court to "arrest" judgment in his Motion to Vacate, Set Aside, or Correct a Sentence filed pursuant to 28 U.S.C. § 2255. After reviewing Movant's motion and the record in this case, the Court is of the opinion that the motion should be denied.

### I. BACKGROUND

On December 30, 2016, the Court sentenced Movant to three hundred sixty months' imprisonment after he pled guilty to conspiracy to distribute a controlled substance, in violation of 21 U.S.C. § 846. Crim. ECF #826. On May 8, 2017, the United States Court of Appeals for the Fifth Circuit dismissed Movant's appeal for want of prosecution. Crim. ECF #835. Movant then filed a Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255 (#1), which this Court denied and dismissed with prejudice on September 17, 2021 (##19, 20). On June 6, 2022, Movant filed the instant motion (#26), asking for relief pursuant to Fed. R. Civ. P. 60(b)(6).

### II. DISCUSSION

Rule 60(b) is properly invoked to "to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). The rule does not exist to be a vehicle for re-litigating old issues, presenting the case under new theories, obtaining a rehearing on the merits, or taking a "second bite at the apple." *Sequa Corp*

*v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).  However, it allows a party to "question the correctness of a judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). The rule for reconsideration of a final judgment allows a court to alter or amend a judgment because of (1) an intervening change in controlling law, (2) the availability of new evidence not available previously, (3) the need to correct a clear error of law or fact, or (4) to prevent a manifest injustice.  *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

Movant asks the Court to "arrest" the judgment in his case because he claims the Court denied him the opportunity to file a response to the Report and Recommendation.  The record shows that Movant was given fourteen days in which to file objections to the Report and Recommendation (#18), which issued on August 22, 2021.  When no objections were timely filed, the Court issued its Order of Dismissal and Final Judgment twenty-six days later, on September 17, 2021.  (##19-20).  Contrary to Movant's assertion, he was not denied the opportunity to file a response.  In fact, he was given an additional twelve days in which to respond.

Movant states that he was unable to receive legal mail and file any pleadings between June 6, 2018, and November 24, 2021, because he was in transit between institutions.  (#26).  The record contradicts this claim, however.  On July 3, 2018, Movant acknowledged receipt of a Court Order.  (#4).  He filed responses to the Court's Order on July 13, 2018, and on July 16, 2018. (##5, 6).  Movant filed objections (#10) on April 22, 2019, to an initial Report and Recommendation (#11) in which it was recommended to dismiss his case for failure to prosecute. On May 17, 2021, Movant again acknowledged receipt of a Court Order.  (#14).  The record shows that, on September 28, 2021, the Order of Dismissal and Final Judgment were returned

2

as undeliverable.  (#21).  Movant eventually submitted a notice of change address almost two months later, on November 8, 2021.  (#22).  The case was already closed by then, however.

It is Movant's sole responsibility to notify the Court of a change of address.  While the Court construes *pro se* pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89 (2007), courts are not tasked with litigating on behalf of *pro se* petitioners.  Neither are *pro se* petitioners exempt from complying with applicable local and federal rules.  "A pro se litigant must provide the court with a physical address (i.e., a post office box is not acceptable) and is responsible for keeping the clerk advised in writing of his or her current physical address."  Local Rule CV-11(d).  The Court notes that Movant simply complains about not getting to file a response – he does not state the reasons he believes the Report and Recommendation was in error.

In sum, Movant fails to show manifest errors of law or fact or present newly discovered evidence.  *Waltman*, 875 F.2d at 473.  Furthermore, he fails to show (1) an intervening change in controlling law, (2) the availability of new evidence not available previously,  (3) the need to correct a clear error of law or fact,  or (4) the need to prevent a manifest injustice.  *Schiller,* 342 F.3d at 567.   His motion is without merit.

It is therefore **ORDERED** that Movant's Motion for Relief from Judgment filed pursuant to Rule 60(b)(6) (#26) is **DENIED**. All motions by either party not previously ruled upon are **DENIED**.

SIGNED at Beaumont, Texas, this 8th day of March, 2023.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE